NO. 07-10-00417-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 29, 2011

MICKEY CHARLES ROBINETT, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY;

NO. CR11394; HONORABLE RALPH H. WALTON JR., JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ON ABATEMENT AND REMAND**

Appellant Mickey Charles Robinett appeals from his jury convictions for aggravated sexual assault, inducing a child to engage in sexual conduct, and indecent exposure and the resulting concurrent sentences. Appellant's appointed counsel filed a motion to withdraw, together with a brief pursuant to *Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), wherein he certified that, after diligently searching the record, he found the appeal without arguable merit. Along with his brief, he also filed a copy of a letter he sent to appellant informing him of his conclusion and

of appellant's right to appeal *pro se.* This court notified appellant of his right to file his own brief or response. Appellant has not done so.

It is the duty of a criminal defense attorney to zealously represent the interests of his client on appeal. *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). If the appointed attorney finds the "case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.*, quoting *Anders*, 286 U.S. at 744. The brief filed in an *Anders* situation is "an assurance to the appellate court that the attorney has indeed made a thorough and conscientious examination of the record, has provided the appellate court with the appropriate facts of the case and its procedural history, and has pointed out any potentially plausible points of error." 252 S.W.3d at 406.

When we receive a brief filed pursuant to *Anders*, we may not simply accept counsel's conclusion that the appeal is baseless. Instead, we too must review the record to determine if there is an arguable ground for appeal. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

This case involved a thirteen-count indictment. Six counts were waived by the State and seven were submitted to the jury. The jury trial spanned three days. Ten witnesses testified for the State. Appellant called three witnesses and testified on his own behalf. The jury found appellant guilty of all seven submitted counts and appellant was sentenced to concurrent sentences of 60 years for each of the two aggravated sexual assault of a child convictions, 20 years for each of the four sexual performance by a child convictions and 10 years for the indecency with a child conviction. In

analyzing the record, counsel raised an issue concerning the court's decision on the proper outcry witness. Having reviewed the record, we find the court's decision on that issue presents an arguable appellate issue, at least as to some counts. We note also that appellate counsel identified other rulings on evidentiary matters that were adverse to appellant, but did not explain why they do not present arguable appellate points. We do not comment on the ultimate merit of these or any other potential appellate issues, but we do find further briefing is necessary.

Accordingly, we abate the matter and remand the cause to the 355th Judicial District Court of Hood County, Texas. *See Stafford*, 813 S.W.2d at 511. On remand, the trial court is ordered to appoint a new attorney to represent appellant in his appeal. Next, the trial court shall cause the name, address, and state bar number of the newly appointed counsel to be included in a supplemental clerk's record. That supplemental record shall be filed by the trial court with the clerk of this court on or before April 28, 2011. Appellant's newly-appointed counsel shall prepare and file an appellant's brief addressing the outcry witness issue and any other arguably meritorious issues counsel identifies. The brief shall be due thirty days from the date of the trial court's order appointing counsel.

Finally, because the opinion expressed by appellant's current attorney could be viewed as creating a conflict of interest, we grant his motion to withdraw.

It is so ordered.

Per Curiam

Do not publish.